UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

Kamila S. Faruki,

      Plaintiff,

 -against-

City of New York, Commissioner Raymond
Kelly, New York City Police Department;
P.O. Melendez (Tax Registry No. 927649)
P.O. Collin(s), Sgt. Keller, and P.O.
Jane Doe of the 19TH Precinct,

      Defendants.

- - - - - - - - - - - - - - - - - - - -x

*ECF Case*

**10 CIV 9614** (RJH)

**COMPLAINT**

**JURY TRIAL DEMANDED**



**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United State Constitution, and the laws of the State of New York. The claims arise from an incident occurring on July 26, 2010 in which members of the New York City Police Department (NYPD) subjected plaintiff to, among other things, unreasonable and unnecessary force, unreasonable and illegal strip search, denial of proper medical care, fabricated evidence, assault and battery, unlawful arrest, malicious prosecution, and harassment.

2. Plaintiff seeks compensatory and punitive damages, declaratory relief an award of costs and attorneys' fees, and such and further relied as the court deems just and proper.

**JURISDICTION & VENUE**

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1983(3) and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United State Constitution. Jurisdiction is conferred upon the Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4. Plaintiff invokes the supplemental jurisdicton of the Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Notices of claim were duly filed on the City of New York within 90 days of the termination in court of the prosecution growing out of the incident and the City has refused to settle plaintiff's claims. Moreover, this action was filed within one year and 90 days of the incident that is the basis of this case.

5. Venue is proper here pursuant to 28 U.S.C. § 1391 because the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

6. Plaintiff Kamila S. Faruki is a resident of the State of New York, a graduate of Cornell University, and a yoga instructor.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Raymond Kelly was on July 26, 2010, and is presently, the Commissioner of the NYPD.

9. The individual defendants, sued herein in their official and individual capacities, are members of the NYPD who were assigned to the 19th Precinct and who were either directly involved in the unconstitutional actions alleged herein, aided and abetted those actions, or who were liable as supervisors.

### STATEMENT OF FACTS

10. On July 26, 2010 shortly before 10:59 a.m. the plaintiff was present as a customer at Gotham Cabinet Store, 1601 Second Avenue, New York, New York when she was threatened by two store employees. She was present in the store to arrange the delivery of, or a refund of her deposit for, merchandise she had purchased.

11. In response to the threat of physical harm, the plaintiff called 911 to report the incident. After a short period of time, approximately 20 minutes, when the police had not yet responded, the plaintiff again called 911. The plaintiff was told the police were on their way.

12. After some additional period of time passed, P.O. Melendez and his partner P.O. Collin(s) arrived.

13. P.O. Melendez very quickly became abusive to plaintiff. P.O. Melendez told the plaintiff in substance that in the United States anyone can threaten someone and it is just a

matter of freedom of speech.  P.O. Melendez was not just indifferent to the threats made, but was dismissive of the plaintiff's complaint.

14.  As P.O. Melendez became more abusive, more unhelpful, and more verbally aggressive, the plaintiff called 911 to report his conduct and ask the operator what the plaintiff should do.

15.  As plaintiff called 911 for the third time, P.O. Melendez increased his verbal abuse, including stating the plaintiff's use of English was as if it was a "second language", and told the plaintiff she had called 911 with "nonsense".

16.  Shortly after making the remark about "nonsense", P.O. Melendez knocked the plaintiff's telephone out of her hand, proceeded to violently handcuff the plaintiff, and assaulted her by, among other things, striking her in the back and putting excessive pressure on her right hand between her thumb and first finger.

17.  P.O. Melendez, without justification or probable cause, arrested the plaintiff and subsequently charged her with Disorderly Conduct, a violation of Penal Law 240.20(1).

18.  After the plaintiff's arrest, she was placed in the rear of a squad car with her hands cuffed behind her back. While in the squad car the plaintiff was approach by Sgt. Keller who refused to void the arrest or respond to the plaintiff's

assertion she had been threatened and beaten.  Sgt. Keller's only observation was it was the plaintiff's word against P.O. Melendez and the others.

19.  The plaintiff was transported in a police squad car to the 19th Precinct.  At the 19th Precinct the plaintiff was stripped naked, searched by a member of the police department, released from custody and given a Summons for Disorderly Conduct to appear in court initially on September 24, 2010.

20.  After the plaintiff's release, she sought medical care for the injuries caused by P.O. Melendez's assault, viz., bruises on her shoulder and wrists, as well as a hair-line fracture of her right wrist and injury to the nerves in her right hand.

21.  On November 18, 2010 in the Summons Part of the Criminal Court of the City of New York the charges filed by P.O. Melendez against the plaintiff were dismissed.  The plaintiff was force to incur legal charges to secure the dismissal of the prosecution.

22.  The aforesaid event was not an isolated incident.  The City of New York has been aware for years (from lawsuits, notices of claim and complaints filed with the NYPD Internal Affairs Bureau)that many of its police officers are insufficiently trained on the proper circumstances and way to interact with the public,use force, provide medical care, and how

to treat innocent citizens whom they encounter.  The City is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, the City has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights, including conducting an unconstitutional strip search of the plaintiff who was not charged with a crime, but only a violation.

23.  Moreover, the City of New York was aware, prior to July 26, 2010, that the defendants lacked objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, the City has retained these officers, and failed to adequately train and supervise them..

24.  As a result of defendants' actions, plaintiff experienced personal and physical injuries, fear, embarrassment, humiliation, an invasion of privacy, pain and suffering, damage to reputation, and emotional distress.

### FEDERAL AND STATE CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

25.  Plaintiff repeats and realleges the allegations contained in ¶¶ 1 - 24 as if fully set forth herein.

26.  The conduct of the defendant officers, as described herein, amounted to unlawful arrest, excessive force, assault and battery, fabricated evidence, harassment, malicious

-6-

prosecution, deliberate indifference, gross negligence in managing subordinates and implementation and continuation of an unlawful municipal policy, practice, and custom.

27. The conduct of the defendant officers, as described herein, acting under color of state law, violated plaintiffs' civil rights under the 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and state law.

## FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1 - 27 as if fully set forth herein.

29. The aforesaid conduct by defendants, acting under color of state law, and pursuant to a municipal policy, practice and custom, violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State Constitution.

30. The City of New York directly caused the constitutional violations suffered by the plaintiff.

31. Upon information and belief, the City of New York was aware from notices of claim, lawsuits, complaints filed with the NYPD and from the NYPD's own observation, that the officers involved in the present case were unfit to be police officers,

and that it was highly likely that they would commit the acts alleged in the present case.

32. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City of New York failed to properly train, retain, supervise, discipline, and monitor the officers, and improperly utilized and retained them.

33. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

34. Moreover, the aforesaid conduct by the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

35. Finally, under state law, the City of New York is responsible for its employees' actions under the doctrine of respondeat superior.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

        d. Such other and further relief as the Court may deem just and proper, including injunctive and declaratory relief.

Dated:    New York, New York
December 29, 2010

                    Doar Rieck Kaley & Mack

By: _____
     John Jacob Rieck, Jr. (JJR 5889)
     217 Broadway, 7th Floor
     New York, New York 10007
     (212) 619-3730

Attorneys for Plaintiff